IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20003
Summary Calendar
_____

READING & BATES PETROLEUM CO.,
READING & BATES EXPLORATION CO. &
READING & BATES DRILLING CO.,

                                    Plaintiffs-Appellees,

                    versus

BENTON MUSSLEWHITE, THE LAW
OFFICES OF BENTON MUSSLEWHITE, and
PETER MANANGKALANGI,

                                    Defendants-Appellants.

_____

Appeal from the United States District Court for
the Southern District of Texas
(CA 86 2671)
_____

July 18, 1995

Before REAVLEY, JOLLY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Appellants challenge the injunction and contempt orders

entered below.  They challenged the contempt orders in a prior

appeal.  *Reading & Bates Petroleum Co. v. Musslewhite*, 22 F.3d

1094 (5th Cir.), *cert. denied*, 115 S. Ct. 318 (1994).  We have

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

examined the briefs and rehearing petitions from the prior appeal and note that, as here, Appellants argued that the contempt orders should not have been entered because the injunction was ambiguous or vague, the district court impermissibly modified the injunction in the context of a contempt proceeding, and the district court's rulings were inconsistent with principles of federalism.  In particular, we note that Appellants argued in the prior appeal that the injunction underlying the contempt orders was invalid due to the Supreme Court's decision in *American Dredging Co. v. Miller*, 114 S. Ct. 981 (1994).  While *Miller* was decided after the entry of the contempt orders, Appellants had the opportunity to argue the effect of that case to the prior panel.  Our prior ruling is the law of the case, and cannot be overruled by another panel of our court.  While the procedural posture of the case is somewhat different in this second appeal, we see no new issues or arguments which give us pause to question the prior decision of this court.

AFFIRMED.